



FILED
Aug 07, 2018
03:10 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Paul White | ) | Docket No.  2017-03-1291 |
| | ) | |
| v. | ) | State File No. 63359-2016 |
| | ) | |
| G&R Trucking, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

### Affirmed and Remanded – Filed August 7, 2018

In this interlocutory appeal, the employee reported lower back pain while installing an axle on a vehicle and was treated for an injury at the L3-4 level of his lumbar spine. Thereafter, while undergoing physical therapy, the employee reported additional symptoms that his treating physician associated with the L5-S1 level.  The employee sought medical benefits for treatment of the L5-S1 condition, but the employer's current insurer declined to provide such benefits, asserting the condition was unrelated to the most recent work accident.  Upon a review of the record, the trial court ordered the employer's current insurer to provide the additional benefits, and the insurer appealed. We affirm the determination of the trial court and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Nicholas S. Akins, Nashville, Tennessee, for the employer-appellant, G&R Trucking, Inc.

Joshua J. Bond, Knoxville, Tennessee, for the employee-appellee, Paul White

### Factual and Procedural Background

Paul White ("Employee") worked for G&R Trucking, Inc. ("Employer"), as a mechanic.[1]  On August 17, 2016, while attempting to install an axle on a vehicle at work,

---

[1] Because the trial court's decision was based on a review of the record, with no evidentiary hearing, we have gleaned the facts from the technical record and the trial court's expedited hearing order.

1

Employee felt sudden pain in his right groin and lower back. He received authorized medical care with Dr. James Maguire, who treated him for an injury at the L3-4 level of his lumbar spine. He underwent surgery for that condition in January 2017.

Previously, in 2005, Employee had suffered a work-related low back injury that resulted in surgery at the L4-5 level. His prior injury occurred with the same employer that, at the time, was insured by a different workers' compensation insurer. Dr. Maguire also treated him for his 2005 injury. A settlement of that claim included a provision leaving open future medical benefits causally related to the 2005 injury.

As part of his post-surgical treatment for the August 17, 2016 accident, Employee participated in physical therapy. During one such therapy visit in April 2017, he developed new symptoms that Dr. Maguire associated with the L5-S1 level of the lumbar spine. In his June 19, 2017 report addressing the new symptoms at L5-S1, Dr. Maguire commented that he "do[es] consider this part of his work-related injury." He then explained, "I do not know whether it arose in physical therapy or whether [it] predated that, but in any event, I still attribute this to part of his work-related problem."

Dr. Maguire reiterated this opinion in his July 31, 2017 report, in which he stated, "I do attribute this to a work related injury." However, he also explained that the L5-S1 condition is a "transitional syndrome" and "his previous fusion has predisposed him to this." After Dr. Maguire's request for authorization for surgery was denied by the current workers' compensation insurer, Riverport Insurance Company ("Riverport"), he again addressed the issue of causation. In his September 26, 2017 report, Dr. Maguire opined as follows:

> It is still my opinion that his problem at the [L]5-[S]1 level is related to the surgery at [L]4-5. His more recent surgery at [L]3-4 I do not think has anything to do with this. He has now become symptomatic with increased stenosis at the [L]5-[S]1 level, and he has been at risk of doing this for years now actually since his [L]4-5 level was fused. He has now developed those symptoms, and I do think that this is clearly a case of adjacent segment disease *related to his fusion at the [L]4-5 level*.

(Emphasis added.) Riverport declined to approve the surgery based on Dr. Maguire's opinion that the need for surgery at the L5-S1 level was related to Employee's prior injury at L4-5 and the subsequent development of adjacent segment disease. According to Riverport, the surgery should be authorized pursuant to the open medicals provision of his prior settlement agreement and covered by the prior insurer.

Employer's prior insurer also declined to approve the surgery, arguing in an amicus curiae brief that Employee's symptoms at L5-S1 did not develop until the incident during physical therapy, which was directly related to the treatment of his L3-4

2

injury.[2]  Moreover, it argued that the development of symptoms at the L5-S1 level was a "direct and natural consequence" of his more recent injury.  Thus, pursuant to the Tennessee Supreme Court's opinion in *Anderson v. Westfield Group*, 259 S.W.3d 690, 696 (Tenn. 2008), the need for surgery is related to the treatment of his most recent injury and should be the responsibility of the current insurer.

Employee presented an expert medical opinion from Dr. William Kennedy, a retired orthopedic surgeon.  Dr. Kennedy opined the incident that occurred during physical therapy "permanently aggravated and worsened the degenerative changes at L5 . . . for which Dr. Maguire has recommended surgery."  He then concluded "with reasonable medical certainty that all of the testing and treatment following the incident of 8/[17]/16 has been both appropriate and necessary attributable to that incident including the surgery of January 2017 and the surgery at L5 more recently recommended by Dr. Maguire."

Following a review of the documents submitted by the parties, the trial court issued its decision "on the record," determining Employee would likely prevail at trial in establishing that his need for medical treatment at L5-S1 is causally related to his August 17, 2016 injury.  The court ordered Riverport to provide the reasonable and necessary medical treatment recommended by Dr. Maguire for the L5-S1 condition, including the additional surgery.  Employer and Riverport appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a

---

[2] Because Employee's previous injury occurred prior to the effective date of the 2013 Workers' Compensation Reform Act, Employer's prior insurer is not a party to this action, but was allowed by the trial court to present an argument in support of Employee's position through an amicus curiae brief.

way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

When an employee suffers a work-related injury, the employer is required to provide, "free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter."  Tenn. Code Ann. § 50-6-204(a)(1)(A) (2017).  To constitute a compensable injury, the accident must "aris[e] primarily out of and in the course and scope of employment."  Tenn. Code Ann. § 50-6-102(14)(A) (2017).  Moreover, an employer is responsible for providing medical benefits "only if it has been shown to a reasonable degree of medical certainty" that the work accident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."  Tenn. Code Ann. § 50-6-102(14)(C).

However, we have previously noted that an expert need not couch his or her causation opinions using any specific phraseology.  In *Panzarella v. Amazon.com*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (Tenn. Workers' Comp. App. Bd. May 15, 2017), we explained as follows:

> We do not conclude that a physician must use particular words or phrases included in the statutory definition of "injury" to establish the requisite medical proof to succeed at trial.  Thus, a physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition.  What is necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied.

When evaluating expert medical proof, a trial court "has the discretion to determine which testimony to accept when presented with conflicting expert opinions." *Bass v. The Home Depot U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017).  Also, in circumstances where the treating physician is selected from a panel pursuant to section 50-6-204(a)(3), that physician's opinion as to causation "shall be presumed correct," but such a presumption "shall be rebuttable by a preponderance of the evidence."  Tenn. Code Ann. § 50-6-102(14)(E).[3]

---

[3] The record is silent as to whether Dr. Maguire was "selected by the employee from the employer's designated panel of physicians" as required by section 102(14)(E).  Thus, the trial court was unable to determine whether Dr. Maguire's opinion as to causation was entitled to a presumption of correctness.

Finally, at an expedited hearing, an employee need not establish the necessary elements of his or her claim by a preponderance of the evidence, but must instead come forward with sufficient proof from which the trial court can conclude he or she is likely to prevail on the merits of the claim at trial. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Here, the issue is not whether Employee is entitled to medical care, but which insurer is responsible. Both experts opined that the current need for surgery was caused by a work-related condition, but the experts disagree as to whether the most recent work injury or the prior work injury primarily caused the need for treatment. Riverport argues that: (1) the trial court misconstrued Dr. Maguire's causation opinion; and (2) Dr. Maguire's opinion was more persuasive than that of Dr. Kennedy. We disagree and conclude the preponderance of the evidence supports the trial court's determination.

With respect to Riverport's contention that the trial court erred in concluding Dr. Maguire "contradicts himself," we note that in his June 19, 2017 report, Dr. Maguire stated, "I do not know whether [his L5-S1 condition] arose in physical therapy or whether [it] predated that." Yet, in his September 26, 2017 report, he stated, "[i]t is still my opinion that his problem at the [L]5-[S]1 level is related to the surgery at [L]4-5." Within a three month period, Dr. Maguire offered differing opinions regarding the cause of Employee's L5-S1 symptoms. Given this evidence, we cannot conclude the trial court erred in not relying on Dr. Maguire's causation opinion.

As to Riverport's argument that Dr. Maguire's opinion was entitled to greater weight, we agree that Dr. Maguire had a more extensive history with Employee and, unlike Dr. Kennedy, saw him numerous times as a patient. Yet this factor, standing alone, does not compel the result Riverport seeks. The trial court weighed these factors, considered each expert opinion, analyzed the objective radiographic test results, evaluated Employee's lay testimony as to the occurrence during physical therapy, and concluded Dr. Kennedy's opinion was the more likely explanation. We must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7). Consequently, we conclude the evidence does not preponderate against the trial court's determination that Employee is likely to prevail at trial with respect to the issue of causation as to the L5-S1 condition.

## Conclusion

For the foregoing reasons, the decision of the trial court is affirmed and the case is remanded.



| Paul White | ) | Docket No. 2017-03-1291 |
| | ) | |
| v. | ) | State File No. 63359-2016 |
| | ) | |
| G&R Trucking, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| **Joshua J. Bond** | | | | | X | jbond@hdclaw.com |
| **Nicholas S. Akins** | | | | | X | nakins@morganakins.com |
| **David E. Goudie** | | | | | X | dgoudie@morganakins.com |
| **Lisa A. Lowe, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov